#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | |
| The Hospital of University of Pennsylvania, | : | |
| The Trustees of the University of Pennsylvania, | : | |
| The University of Pennsylvania, | : | |
| The University of Pennsylvania Health System | : | |
| Dr. Octavia Pickett-Blakely, | : | |
| John Does 1-10, and, | : | |
| Police Officers Richard Roes 1-10, | : | |
| Defendants. | : | |

#### MEMORANDUM OF LAW IN SUPPORT OF
#### PLAINTIFF'S MOTION TO PROCEED IN ANONYMITY

A. Introduction

Plaintiff Jane Doe has filed a Complaint herewith, alleging malpractice and discrimination and other counts against the Defendants.

Plaintiff is transgender ("trans" or "transsexual") and fears that disclosure of her identity in connection with the lawsuit may lead to severe harm. Trans people are among the most powerless in society. (*See, e.g.*, Injustice At Every Turn, A Report of the National Transgender Discrimination Survey, https://www.transequality.org/sites/default/files/docs/resources/NTDS_Report.pdf

Ninety percent of transgender and gender nonconforming people report harassment, discrimination and mistreatment on the job, and the injustices they face have devastating economic and personal consequences.)

Plaintiff has been insulted, isolated and assaulted for being trans. Declaration of Jane Doe, para. 4, Exhibit A herewith (hereinafter ("Doe Declr. at para. .") Based on her experience, Plaintiff fears that disclosure of her condition and the relief she seeks here will bring her severe harm. Doe Declr. at paras. 5-8.

B. <u>The Law Favors Anonymity for Plaintiff</u>

Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties. Fed. R. Civ. P. 10(a). Rule 10(a) protects the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. However, in "exceptional cases" courts have allowed a party to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011). Plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable . . . The circumstances of a case determine whether a pseudonym is justified, and have included cases involving abortion, birth control, <u>*transsexuality*</u>, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." Id. at 408. (emphasis added, quotations, citations omitted.)

The court in *Megless* adopted "non-exhaustive" factors from *Doe v. Provident Life and Acc. Ins. Co.,* 176 F.R.D. 464, 467 (E.D. Pa. 1997) to help analyze whether anonymity is warranted. The relevant factors favoring anonymity are:

> (1) the extent the litigant's identity has been kept confidential;
> (2) the basis on which disclosure is feared or avoided, and its substantiality;
> (3) the magnitude of the public interest in maintaining the litigant's confidentiality;
> (4) whether, due to purely legal issues, there is an atypically weak public interest in knowing the litigant's identity;…; and,
> (5) whether the litigant has illegitimate ulterior motives.

The relevant factors disfavoring anonymity are:

(1) universal public interest in accessing a litigant's identity;

(2) whether, due to subject matter, the litigant's status as a public figure or otherwise, weighs strongly towards knowing [the litigant's] identity, beyond the public's interest; and,

(3) whether opposing counsel, the public, or the press is illegitimately motivated.

*Megless*, 654 F.3d at 409 (citing *Provident Life,* 176 F.R.D. at 467).[1]

Recent cases ordering grants of anonymity under the *Provident Life* factors in matters involving trans plaintiffs include *Doe v. Dallas*, 2:16-cv-00787-JCJ (E.D. Pa March 10, 2016, Dkt. No. 3); *Doe v. Romberger,* 2:16-cv-02337-JP (June 27, 2016, Dkt. No. 8); *Doe v. Arrisi*; 2:16-cv-08640-MAS-DEA (D.N.J. February 16, 2017). As in those cases, each of the relevant *Provident Life* factors in this matter support Plaintiff's Motion.

(1) <u>The extent the litigant's identity has been kept confidential.</u>

Plaintiff's identity has been kept as confidential in this litigation. See Compl. ¶ "Plaintiff is appearing here under a pseudonym." Plaintiff has maintained her anonymity throughout the Complaint.

(2) <u>The basis on which disclosure is feared or avoided, and its substantiality.</u>

By filing this motion, Plaintiff is seeking to maintain her confidential information as confidential. The public identification of Plaintiff as a transgender person would attach a significant stigma to Plaintiff under her public name and cause her severe harm, as well as disclose the most intimate details of anatomy and mental state. Moreover, there is no general legal protection in the state where she currently resides against trans discrimination in

---

[1] One factor, "[W]ill the claim be resolved on its merits if the litigant is denied the opportunity to proceed using a pseudonym, or will the litigant potentially sacrifice a potentially valid claim simply to preserve their anonymity?" is neutral as there is no such indication by Plaintiff.

employment, and Plaintiff believes, based upon her experience, that disclosure of her involvement in this matter will harm her economically as well. (*See generally* Doe Declr. at paras. 4-8.)

> (3) The magnitude of the public interest in maintaining the litigant's confidentiality.

Trans people are stigmatized. The abuse they are subjected to ranges from mocking and harmful comments in the media, to estrangement, suicide and murder. (*See*, *e.g.*, Injustice At Every Turn, A Report of the National Transgender Discrimination Survey, available at http://endtransdiscrimination.org/PDFs/NTDS_Report.pdf:  Ninety percent of transgender and gender nonconforming people report harassment, discrimination and mistreatment on the job, and the injustices they face have devastating economic and personal consequences.) As in *Provident Life*, there is public interest in prevent further stigmatization of trans people and the Plaintiff.

The Second Circuit has reasoned that "[t]he Constitution does indeed protect the right to maintain confidentiality of one's transsexualism…transsexualism is [an] unusual condition that is likely to provoke both an intense desire to maintain one's medical confidentiality, as well as hostility and intolerance from others." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999).  (*See also Doe v. Delie*, 257 F.3d 309, 315-16 (3d Cir. 2001) (Privacy of health matters of trans inmate constitutionally protected.))

> (4) Whether, due to purely legal issues, there is an atypically weak public interest in knowing the litigant's identity.

This matter concerns legal issues – the Defendants have reviewed it already and admitted their conduct in the "Incident" required wholesale changes.  *See* the statement of Chief Medical Officer, Dr. Fishman to State Medical Investigator Cromartie, that "a number of [HUP's] internal processes have been reviewed and revised based on this incident."  (*See*

*e.g.,* Complaint at ¶¶ 83-86.)

Plaintiff's personal identity is not relevant to this matter.

(5) Whether the litigant has illegitimate ulterior motives.

Plaintiff's motives are entirely legitimate.

(6) The Other *Provident Life* Factors

None of the relevant factors disfavoring anonymity are present here. There is no universal public interest in accessing the Plaintiff's identity; nothing weighs strongly towards knowing Plaintiff's identity, and no other identified parties are illegitimately motivated to the best of Plaintiff's knowledge.

C.  Conclusion

All the relevant *Provident Life* factors favor anonymity in this matter. None of the relevant factors disfavoring anonymity are present here.

Accordingly, Plaintiff Jane Doe respectfully requests the Court grant her request for anonymity in this matter.

Respectfully Submitted,

Date: July 2, 2019                   /s/ Julie Chovanes

Julie Chovanes, Esq.
Chovanes Law LLC
P.O. Box 4307
Philadelphia, PA 19118
267-235-4570
jchovanes@chovanes.com

Counsel for Plaintiff Jane Doe