**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| The Hospital of University of Pennsylvania, | : | CIVIL ACTION NO. |
| The Trustees of the University of Pennsylvania, | : | 2:19-cv-02881-KSM |
| The University of Pennsylvania, | : | |
| The University of Pennsylvania Health System, | : | |
| Dr. Octavia Pickett-Blakely, | : | JURY TRIAL |
| John Does 1-10, | : | DEMANDED |
| and, | : | |
| Richard Roes 1-10, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**HER MOTION FOR LEAVE TO AMEND UNDER RULE 15**

This reply memorandum is being filed in support of Plaintiff's Motion for Leave to

Amend.  ECF No. 36.

A.  Defendants' History is Incomplete and Misleading

Defendants' Response in Opposition to Plaintiff's Motion ("Response", ECF No. 38) at

pages 2 - 4, claims it is presenting a history of the case. But that history is wrong and incomplete.

For example:

1)  On March 10, 2020, the parties submitted their Joint Discovery Report to the Court,

and noted, in response to Section IV:

> **IV. Status of Discovery**
> **The Parties must summarize the status of discovery to-date. If nothing has**
> **been done in terms of discovery, the Parties should explain why. In general,**
> **the Court prefers the parties to begin discovery prior to the Rule 16**
> **conference.**

The parties have not yet begun discovery because Judge Goldberg, the prior judge assigned, ***expressly told counsel for the parties during a conference call that he wished to resolve the pleadings phase of this case first, as there is a pending partial motion to dismiss which could potentially eliminate the claims based on medical malpractice/negligence, the ADA and Rehabilitation Act, and the privacy claim and narrow the scope of discovery***.

(Exhibit A, Joint Report at p. 5, emphasis added.)

2) On March 13, during the conference before the Court, Plaintiff's counsel noted that issue and also said she was working on a revamped privacy claim in light of the identification, in the March 12, 2020 Initial Disclosures to Plaintiff, of named Penn Police Officers who would be state actors.

3) On March 30, Plaintiff's counsel noted she had been ill and so the revamped privacy section was delayed:

Hello I received your email last week on Thursday but I'm afraid I have been sick. Please let me know if you're able to agree to delay the scheduling by a week as I'm also having difficulty reaching my client over the past few days. Finally other events in the past two weeks have led to difficulty in me providing you with the revamped privacy section of the complaint as well as our discovery. However I think I need a little more time to stabilize things on my end right now and I thank you for the courtesy.

(Exhibit B, Email of Julie Chovanes, Esq. to Leslie Greenspan, March 30, 2020).

4) On April 6, Plaintiff's counsel sent another two emails noting again her proposal to delay discovery and asked Defendants' counsel to add her proposal in their proposed message of that date to the Court.  Defense counsel refused.  (Exhibit C, Emails of Julie Chovanes, Esq. to Leslie Greenspan, March 30, 2020).

5) From April 23 to April 30 (2X) Plaintiff sent numerous emails over a period of time, none of which were answered, seeking to understand if Defendants' Counsel was also representing the newly named Defendants.   (Exhibits D-G.)

6) On May 11, Plaintiff's counsel requested discovery be restarted.  Defendants refused

and Plaintiff then approached the Court that same day and summarized her good

cause reasons for a restart of discovery:

> Earlier today we had requested an extension of time from Defendants for
> discovery in this case for four reasons:
>
> 1) We still have no response to the Amended Complaint. While we are preparing
> a Second Amended Complaint we are simply unable to know what facts
> Defendants are challenging and therefore are unable to engage in the sort of
> efficient discovery contemplated by the Federal Rules;
>
> 2) The about three month city wide shut down, and the fact that the first proposed
> deposition will not occur because of the shutdown as it was scheduled before June
> 4;
>
> 3) Ms. Doe and I have had difficulties communicating because of the shutdown;
>
> 4) I have been ill for the past few weeks and have notified counsel accordingly.
>
> On the other hand, the Defendants have indicated in their words and actions that
> there is no prejudice to them regarding the pace of the case.
> …
> There is no prejudice to any party by our request, and in fact the reasons we have
> given demonstrate the manifest prejudice to us of the extension is not reset and
> discovery not scheduled until a response is received.
>
> Therefore, we request the Court reset discovery deadlines beginning with the date
> the Amended Complaint is answered and after the city is presently scheduled to
> restart.
>
> If the restart occurs after that, we would request the restart be reset to that date.
> We are also preparing a Second Amended Complaint which should obviate
> Defendants' objections to the Amended Complaint, and that should be filed by
> weeks' end.
>
> (Exhibit H, Email of Julie Chovanes, Esq. to the Court, May 11, 2020)

7) On May 12, 2020, the Court Ordered the parties to meet and confer about, *inter alia*,

the Plaintiff's request.  ECF No. 34

8) On May 13, Plaintiff sent Defendants a copy of the proposed Second Amended

Complaint seeking consent to file.

9)   On May 14, Defendants refused to consent.

10)  On May 15, Plaintiff notified the Court that there was no consent and so:

> Our primary issue, which we believe will subsume the others we will explain at
> the conference, is the filing of the enclosed Second Amended Complaint, which
> Defendants inform us they will object to. We believe they are wrong to object and
> refer to the recent controlling authority in this Circuit, *Garrett v. Wexford Health*,
> 938 F.3d 69 (3d Cir. 2019), in which ironically enough Penn argued the exact
> opposite side — and won — on behalf of a pro se defendant.[1]

> (Exhibit  H1)

11) On May 15 this Court held a telephone conference in which the proposed Second

     Amended Complaint was discussed.  As Plaintiff noted then and had in her May 11

     email to the Court *supra* there was manifest good cause for its entry because there

     was still no answer to any Complaint, the filing would obviate the pending MTD, and

---

[1] Oddly enough, and incorrectly, Defendants claim in their Response that the *Garrett* case dealt
with supplemental pleadings and not amended pleadings.  n. 5 of Defendants' Response.

That is wrong as *Garrett* states unequivocally:

> Accordingly, under Rules 15(a) and 15(d) of the Federal Rules of Civil Procedure, the
> TAC became both an amended complaint and a supplemental complaint. *See* Fed. R. Civ.
> P. 15(a), 15(d). We therefore begin our discussion by considering the purpose and effect
> of filing a supplemental or amended complaint under Rule 15.  "The function of Rule
> 15(a), which provides generally for the amendment of pleadings, is to enable a party to
> assert matters that were overlooked or were unknown at the time the party interposed the
> original complaint." 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1473 (3d
> ed. 2019). Rule 15(a) embodies the federal courts' policy of liberal pleading amendment
> by ensuring that an inadvertent error in, or omission from, an original pleading will not
> preclude a party from securing relief on the merits of his claim. *Arthur v. Maersk,
> Inc.* , 434 F.3d 196, 202 (3d Cir. 2006).

*Garrett*, 938 F.3d at 81-82 (3d Cir. 2019)

Defendants had not asserted the filing would prejudice them in any way.[2]

12) On May 18 Plaintiff asked Defense Counsel yet again if they were representing the newly named Defendants and Defense Counsel finally said they were.  (Exhibits I and K.)

13) On May 22 Plaintiff filed the present Motion.

As a review of this history, missing from Defendants' Response shows, Plaintiff has been proceeding with all due diligence in this matter, since the first conference with this Court. Good cause is shown.

B.  There is No Rule 16 Issue

As Plaintiff noted above there is good cause for the entry of the SAC and Plaintiff has diligently proceeded with its filing.  Moreover, Defendants cite no case law in support of their position.

Plaintiff refers the Court to the following prior opinions of this Court, all of which support Plaintiff's Motion here:

In *Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, No. 13-4484, at *6-7 (E.D. Pa. July 11, 2014) the Court allowed amendment:

> The twelve documents identified by Defendant, which were produced just nine days before Defendant filed the Motion to Amend, provide facts in support of the proposed counterclaims. Plaintiff has not identified documents produced earlier on those same issues; i.e., Plaintiff's knowledge and it's alleged failure to perform its own maintenance and repairs that would have provided necessary evidentiary support for the proposed counterclaims. Thus, Defendant has offered a clear and cognizable explanation why the proposed counterclaims were not included in the original pleading. Accordingly, Defendant's explanation establishes good cause to amend the scheduling order.

---

[2] Defendants' Response does not believably claim prejudice either.  It uses the word "prejudice" and variants throughout but never actually furnishes any facts in support.  Nor have Defendants ever, as noted above, claimed prejudice to them regarding the proposed filing.

In *Stewart v. Emmons*, No. 12-1509, at *4-5 (E.D. Pa. Mar. 27, 2014) this Court held:

Discovering new information during the progression of a lawsuit constitutes "good cause" under Rule 16 if the information could not have been known before discovery. Grill v. Aversa, No. 12-120, 2014 WL 198805, at *1 (M.D. Pa. Jan. 15, 2014). The earliest any of the Defendants claim Stewart should have known of the factual basis of his Second Amended Complaint is when discovery was exchanged in early February 2013. Neither party, therefore, disputes Stewart's contention that he had "good cause" to amend his motion after the January 2013 deadline, and I find that he has met his burden under Rule 16. Next, I must consider his request under Rule 15. Perlman v. Universal Restoration Sys., Inc., No. 09-4215, 2013 WL 5278211, at *4 (E.D. Pa. Sept. 19, 2013) (considering, in succession, the requirements of Rules 16 and 15).

In *Clark v. Blackfoot-Bey*, No. 10-2683, at *13-14 (E.D. Pa. Nov. 1, 2012), this Court

held:

> First the Court makes the determination of whether Plaintiff has good cause for failure to bring her amendment in a timely fashion. It appears that Plaintiff, through the discovery process, has made the determination that the public, through the conservatorship of Fannie Mae, owns this loan and that therefore Fannie Mae should be made a party to this action. Plaintiff bases Fannie Mae's involvement, in part, based on the deposition testimony of Rebecca Marks, a manager of OneWest, which was taken on February 1, 2012. Pl.'s Resp. to Mot. for Summ. J. and Mot. to Am. Compl. 16, ECF No. 76. Plaintiff filed her motion to amend the complaint on March 20, 2012. Given the complexity of the discovery process in this case, and the difficulty in making determinations of ownership of various loan assets, Plaintiff had good cause for the delay in amending her complaint.

C.  Dr. Randolph Should be Added as a Named Defendant

At pages 7 – 9 Defendants claim that Dr. Randolph should not be added for numerous reasons, all of which are unconvincing and addressed in the original Memorandum in Support. However, Defendants also state that Dr. Randolph was revealed in "medical records" (page 9 of the Response) and so Plaintiff should have known.

Defendants' statement has no factual support.  It is wrong too.  The medical records produced to Plaintiff before the Complaint was filed do not identify any anesthesiologist.  (See Exhibit J which was Exhibit C to the original Complaint here).

D.  Defendants' State Law Procedure Claim is Misplaced

At pages 10 – 14 Defendants make an argument based on Pennsylvania Procedural law. Defendants' argument is novel and unsupported; the cases they offer are based on Pennsylvania procedural rules.

In contrast to Defendants' state law procedure argument from their inapposite authority, Fed.R.Civ.Pro. 8(d) specifically provides that pleadings can contain alternate and inconsistent claims, such as may be the case here.  Therefore, on this ground alone Defendants' argument should fail.

Moreover, Defendants also fail to go through the three-step process analysis mandated by this Circuit when reviewing whether a complaint meets the legally acceptable standard for pleading, *Bistrian v. Levi*, 96 F.3d 352, 365  (3d Cir. 2014)); *see also, e.g*., this Court's recent opinion in *King v. Integer/Medplast*, Civil Action No. 18-cv-5193 (EDPa (Goldberg, J.) October 28, 2019).  (Even recent authority from the Pennsylvania Supreme Court, *Feleccia v. Lackawanna Coll.,* No. 75 MAP 2017, J-96-2018 (Pa. Aug. 20, 2019) directly contradicts their position regarding the existence and availability of the tort claims challenged here.  Each of the pled events, as well as the others in the Second Amended Complaint, and in accordance with *Bistrian v. Levi* and *Feleccia,* fit within the elements of the pled torts.

Defendants also argue Ms. Doe's Gross Negligence and Negligence Counts should be dismissed (Counts VI and VII respectively) without again going through the three-part analysis demanded by *Bistrian v. Levi* and while still again ignoring the law of tort as set forth recently by the Pennsylvania Supreme Court in *Feleccia, w*hich directly contradicts their position regarding the existence and availability of the tort claims challenged here:

> The parties have consistently referred to negligence, gross negligence and recklessness throughout this litigation, and the complaint included allegations of negligence and reckless conduct, the latter couched within the punitive damages claim.  J-96-2018-9.

As we have seen, gross negligence does not rise to the level of the intentional indifference or "conscious disregard" of risks that defines recklessness, but it is defined as an "extreme departure" from the standard of care, beyond that required to establish ordinary negligence, and is the failure to exercise even "scant care." *Id*. at 28.

[G]ross negligence does not involve the "conscious" disregard of risks that defines recklessness. Compare Pa. Suggested Standard Civil Jury Instructions 13.60 ("Reckless conduct is significantly worse than negligent conduct" requiring proof that actor "intentionally acted or failed to act in conscious disregard of the likelihood of harm to others") with Pa. Suggested Standard Civil Jury Instructions 13.50 ("Gross negligence is significantly worse than ordinary negligence" requiring proof that actor "significantly departed from how a reasonably careful person would act under the circumstances"). *Id*. at 29, n. 13.

More generally,

there is longstanding jurisprudence holding that in scenarios involving an actor's affirmative conduct, he is generally 'under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act. This existing. duty appropriately undergirds the vast expanse of tort claims in which a defendant's affirmative, risk-causing conduct is in issue." Additionally, we have adopted as an accurate statement of Pennsylvania law the Restatement (Second) of Torts §323 (1965) [which] provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

*Id. at 16-17;  (citations, quotations omitted.)*

37

Each of the well pled factual allegations highlighted *supra*, serve as the basis of Ms.

Doe's claims.  As in *Feleccia*:

> Application of these legal principles to the present factual scenario supports a
> determination that "affirmative conduct" by [Defendants] [*e.g., having Ms. Doe as a
> patient*] created a "special relationship" with and increased risk of harm to [Ms. Doe]
> such that [Defendants] had a duty to "exercise reasonable care to protect them against an
> unreasonable risk of harm arising" from that affirmative conduct.

E.  <u>The Remainder of Defendants' Response Ignores Authority Directly on Point</u>

Defendants Response ignore case law directly on point from this Court establishing

unequivocally that Penn's Police Officers are state actors.  In *Trippett v. McCullough*, No. 18-

CV-4958, at *12-13 (E.D. Pa. Dec. 4, 2018) this Court held:

> Trippett also sues the University Penn Police Department, the University Penn
> Division Public Safety (under which is the University Penn Police Department), and
> the University Penn Trustee Committee Board. *For purposes of § 1983,*
> *the University of Pennsylvania Police Department is a state actor because state law*
> *"endows [the department] with the plenary authority of a municipal police department*
> *in the patrol-zone territory, once the 'exclusive prerogative' of the City of*
> *Philadelphia." Fleck v. Trs. Of Univ. of Pa.*, 995 F. Supp. 2d 390, 402 (E.D. Pa.2014).
> However, the University Penn Police Department (and, by extension,
> the University Penn Division Public Safety), are not entities capable of being sued
> under § 1983. *See id*. Rather, the Trustees of the University of Pennsylvania is the
> proper entity to sue. *See Gaines v. Univ. of Pa. Police Dep't*, No. 97-3381, 1997 WL
> 624281, at *3 (E.D. Pa. Oct. 7, 1997) (noting that "Penn's relationship to the Penn
> Police should be considered analogous to a municipality's relationship with its police
> department").

(emphasis added.)

Plaintiff is unable to yet determine how the interrelations between those state actors and

the other Defendants may work.  For example, it is entirely possible, depending on what

discovery shows, that the private actors acted in concert with the state actors, and thus are also

liable.  However, it is impossible to determine that now, without discovery or even an answer.

Therefore, Plaintiff respectfully requests the Second Amended Complaint be directed to be filed by the Court.

Date: June 12, 2020                    Respectfully Submitted,

                                       /s/ Julie Chovanes

                                       Chovanes Law
                                       P.O. Box 4307
                                       Philadelphia, PA 19118
                                       267-235-4570
                                       jchovanes@chovanes.com

*Counsel for Plaintiff Jane Doe*

EXHIBIT A

From: **Leslie Greenspan** lgreenspan@tlgattorneys.com 📎
Subject: RE: Jane Doe v. The Hospital of University of Pennsylvania, et al., U.S.D.C. Pa. 2:19-cv-02881
Date: March 10, 2020 at 4:08 PM
To: Chambers Judge Marston Chambers_Judge_Marston@paed.uscourts.gov
Cc: jchovanes@chovanes.com, Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com



Good afternoon –

Attached is the parties' Joint Discovery Plan.  We look forward to appearing before Your Honor on Friday, March 13, 2020 for the Rule 16 Conference.

Respectfully yours,
Leslie Greenspan



**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com

 Please consider the environment before printing this e-mail.

This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

**From:** Leslie Greenspan
**Sent:** Thursday, March 5, 2020 9:38 PM
**To:** Chambers Judge Marston <Chambers_Judge_Marston@paed.uscourts.gov>
**Cc:** Mary Beth Stanley <MStanley@tlgattorneys.com>; jchovanes@chovanes.com
**Subject:** Re: Jane Doe v. The Hospital of University of Pennsylvania, et al., U.S.D.C. Pa. 2:19-cv-02881

Thank you very much.

On Mar 5, 2020, at 4:56 PM, Chambers Judge Marston
<Chambers_Judge_Marston@paed.uscourts.gov> wrote:

Thank you for your letter. The Judge agrees to extend the filing deadline for the Joint 26(f) Report until Tuesday, March 10, 2020.

---

**From:** Mary Beth Stanley <MStanley@tlgattorneys.com>
**Sent:** Thursday, March 5, 2020 1:27 PM
**To:** Chambers Judge Marston <Chambers_Judge_Marston@paed.uscourts.gov>
**Cc:** Leslie Greenspan <lgreenspan@tlgattorneys.com>; jchovanes@chovanes.com
**Subject:** Jane Doe v. The Hospital of University of Pennsylvania, et al., U.S.D.C. Pa. 2:19-cv-02881

Good afternoon Judge Marston,

On behalf of Ms. Greenspan, attached please find correspondence in reference to the above matter.

**Best Regards,**

<image001.jpg>
*Mary Beth Stanley*
*Legal Assistant to*
*Leslie M. Greenspan, Esquire*
*Brock J. Atkins, Esquire*
*Dimitrios Mavroudis, Esquire*
*Dorothy Dugue, Esquire*

**Tucker Law Group**
**Ten Penn Center**
**1801 Market Street**
**Suite 2500**
**Philadelphia, PA 19103**
215-875-0609 (phone) x. 116
215-982-2277 (Direct Dial)
215-559-6209 (fax)
MStanley@tlgattorneys.com

Please consider the environment before printing this e-mail.
This electronic transmission and any documents accompanying this
electronic transmission may contain privileged and confidential attorney-client

electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.



Jane Doe v.
UOP_J...lan.pdf

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANE DOE,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| *v.* | **NO.  2:19-cv-02881-KSM** |
| **THE HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, THE UNIVERSITY OF PENNSYLVANIA, THE UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, DR. OCTAVIA PICKETT-BLAKELY, JOHN DOES 1-10, and POLICE OFFICERS RICHARD ROES 1-10,** | |
| **Defendants.** | |

## JOINT RULE 26(f) REPORT

Following a fulsome discussion on March 9, 2020, as contemplated by Fed. R. Civ. P. 26(f), the Parties aver as follows:

I. **Counsel**

    **A.** Lead counsel for Plaintiff(s):    <u>Julie Chovanes, Esquire</u>

    **B.** Lead counsel for Defendant(s):    <u>Leslie M. Greenspan, Esquire, Kathleen Kirkpatrick, Esquire, Joe H. Tucker, Jr., Esquire</u>

    **C.** Counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s): <u>Julie Chovanes, Esquire</u>

    **D.** Counsel who participated in Rule 26(f) conference on behalf of Defendant(s): <u>Leslie M. Greenspan, Esquire</u>

## II.    Description of Claims and Defenses

The Parties should assume that the Court has read the Complaint and is familiar with the claims.  However, the Court does not know all of the facts supporting those claims, nor the factual bases for the defenses.  Therefore, counsel shall summarize the primary facts and threshold legal issues.  **Counsel should not merely parrot their pleadings.**  In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

### A.  Plaintiff's Summary of the Facts and Law

**The Facts**

Procedural Summary

Plaintiff Jane Doe has filed an Amended Complaint (ECF No. 19.)  Currently pending is Defendants' 12(b)(6) Motion to Dismiss Counts V, VI, VII, VIII, XI, XII, and XIII of the Amended Complaint (ECF No. 19) with prejudice. ("MTD," ECF No. 23.)  (By subsequent letter to the Court, the Defendants withdrew a challenge to Count IX in that MTD.  ECF No. 24.)

A motion seeking anonymity for the Plaintiff has been granted (ECF No. 27.)

Factual Summary

The facts are taken as alleged in Plaintiff's Amended Complaint (ECF No. 19.)  No response has yet been filed by the Defendants due to the pending partial MTD.

Plaintiff Jane Doe's Amended Complaint alleges that Defendants, both her employer and medical provider at the relevant times, have violated her rights through, in great part, an "Incident" (called that by Penn's Chief Medical Officer (CMO) to a state investigator concerning the matter, ECF No. 19, ¶¶ 17-18, 82-89.) The Incident began with Ms. Doe's reporting to Defendant and her

2

employer The Hospital of the University of Pennsylvania ("HUP") for what should have been a routine medical procedure on February 20, 2018 and ended with Ms. Doe being forcibly removed from HUP's premises under humiliating conditions. *See generally* Amended Complaint. (Defendants themselves have called the allegations "heinous" (ECF No. 7, at 1.)

Ms. Doe is an out trans woman and was a HUP employee. She arrived at HUP on February 20, 2018 for a scheduled medical procedure. She was accompanied by a friend, Ms. Mary Roe. She and Ms. Roe had informed Defendants beforehand that her recovery needed to be handled properly, including post procedure anesthesia recovery. They arrived at the reception desk and the receptionist – ignoring HUP policy and Ms. Doe's current name in the system – used (male) name and used masculine pronouns to refer to her as Ms. Doe was checking in. ECF No. 19, ¶¶ 1, 2, 4, 53-55.

Following the completion of the procedure, Ms. Doe was moved to the recovery room. Defendants ignored her post procedure recovery instructions. As a result, Ms. Doe was disoriented and agitated. She was ignored and her disorientation got worse. She stood, seeking help, but she was ignored and Defendants failed to provide medical treatment. Ms. Doe was disoriented and standing, her gown off her body and partially naked in the room, screaming and begging for help.

No one helped at all even though this was a hospital and she was a patient and an employee of the hospital. *Id. at* ¶¶ 5-8, 56-59. A short time after, a number of armed police (Police Officers Richard Roe 1-10) forcibly entered the room. They closed in on Ms. Doe and she panicked. Ms. Doe's disorientation was complete at this point and visible to anyone in the room: no one helped. Ms. Doe was in the recovery room of the preeminent hospital in Philadelphia, one that promotes its sensitivity and compassion to its trans patients and employees, and no one helped. Ms. Doe's trauma led her to flashback to a rape incident she

3

had suffered years before. She screamed, pleading, for the men to leave the room. No one helped. Instead they made things worse. A number of Police Officer Defendants ganged up on Ms. Doe and threw her into a wheelchair, held her down and, once they had subdued her with force, they handcuffed her. *Id. at* ¶¶ 9-10, 61-65.

Ms. Doe, restrained and imprisoned by numerous Police Officer Defendants, was brought down through the elevators of her place of employment topless, shoeless, in a wheel chair, and still in handcuffs. *Id. at* ¶ 66.

Ms. Doe was scheduled to return to work on February 21, 2018.  Instead, on February 20, 2018 Ms. Roe took her to another health care institution to deal with the bruises and wounds she had suffered at the hands of Defendants. On February 28, 2018 Ms. Doe was seen by a provider and was provided a note stating she was "[u]nable to work starting Feb 20, 2018 until medical clearance to return to work is granted" which was provided to her employer. *Id. at* ¶¶ 68-70.

Defendants have never discussed nor offered reasonable accommodation for Ms. Doe's disability. HUP and the other Defendants acted with malice and/or reckless indifference, including but not limited to acting with transphobic hatred. After the incident, Ms. Doe's Gender Dysphoria ("GD" flared up and she experienced difficulty in returning to HUP, her workplace – understandably given her treatment at the hands of Defendants. HUP knew, yet failed to make reasonable accommodation for her. *Id. at*  ¶¶ 14, 77-80.  HUP then illegally fired her on June 28, 2018. Ms. Doe could have been reasonably accommodated but for her employer's lack of good faith. *Id. at* ¶ 15, 81.

Ms. Doe was unable to seek employment for months after the Incident. Finally, on February 29, 2019 she wrote to the Commonwealth's Secretary of Health, Dr. Rachel Levine

(also a trans woman) seeking some kind of help. An investigation was initiated by the Commonwealth into HUP's treatment of Ms. Doe, led by Lorena Renee Cromartie, MSN BSN RN who is a Health Facility Quality Examiner Supervisor for the Department of Health's Bureau of Facility Licensure & Certification. Ms. Cromartie wrote to Ms. Doe on March 14, 2019 with a partial update and noted that HUP's Chief Medical Officer, Dr. Neil O. Fishman had admitted to Ms. Cromartie that "a number of [HUP's] internal processes have been reviewed and revised based on this incident." *Id. at* ¶¶ 16-17, 82- 84.

However, and despite the review and revision of "HUP's internal processes" as a result of what HUP's CMO termed "the incident," and despite the presence of numerous doctors, nurses, medical personnel, security personnel and Penn's police force (Defendants John Does 1-10 and Police Officers Richard Roes 1-10) at the "incident," Ms. Doe's medical records for the day contain no reference to "the incident." It appears HUP and the other Defendants have falsified Ms. Doe's medical records as well. *Id. at* ¶¶ 18, 85.

On May 22, 2019 Ms. Doe received a letter from Ms. Anne Nepps, Esq., who is in-house counsel for Defendants. Ms. Nepps oversees the Health System's risk and claims management programs. On information and belief Ms. Nepps would have been part of the state investigation and would have begun to review of the situation on the day it happened or very soon afterwards. However, in her letter to Ms. Doe, Ms. Nepps denied that she knew of the incident and would have to investigate. On information and belief, Ms. Nepps was being purposely misleading on behalf of her client. *Id. at* ¶¶ 86-87.

Defendants have also disclosed Ms. Doe's confidential employment and Health information, including HIPAA and other protected information to the EEOC, in their attempt to breach Ms. Doe's anonymity. *Id. at* ¶¶ 19, 88.

The Law

Ms. Doe has alleged tort claims (Counts I-VII) breach of privacy claims (Count VIII); Title VII violation; Wrongful Termination (Count X) and violations of the ADA Title I and III and the Rehabilitation Act (See generally ECF No. 19 at ¶¶ 91 -152.)

**B.   Defendants' Facts and Law**

On February 20, 2018, HUP Security and Penn Police were called to respond to an incident of an irate patient.  When HUP Security arrived, Plaintiff was banging her head against the hospital equipment and kicking, hitting, screaming at, and cursing at HUP personnel. Because Plaintiff was perceived to be a danger to herself and others, HUP Security subdued her and, along with Penn Police, escorted her to the garage entrance, where her friend (identified in the Complaint as "Mary Roe") picked her up in a car and left the premises.  Contrary to the allegations in the Complaint, Plaintiff was not "thrown out into the street naked," this incident was not been "scrubbed" from Plaintiff's medical records, and Plaintiff was not mistreated because of being transgender.

Following the incident on February 20, 2018, Plaintiff repeatedly requested medical leave, but had previously exhausted her FMLA leave.  HUP agreed to extend Plaintiff's medical leave multiple times over the 4 months after the incident (*i.e.*, reasonably accommodated Plaintiff's requests), but ultimately had a business need to fill that position and terminated Plaintiff's employment on June 28, 2018.  Defendants' actions were based on legitimate, non-discriminatory reasons.

Defendants filed a partial motion to dismiss which, if granted, would eliminate Plaintiff's claims based on medical malpractice/negligence, the ADA and Rehabilitation Act, and privacy. (Docs. 23 and 24.)

III.   **Anticipated Scope of Discovery**

    **A.**  Summarize with specificity those issues on which the Parties will need to conduct discovery.  Identify categories of information each Party needs in discovery and why.

    1. Plaintiff anticipates conducting discovery on the following categories of information:

        a.    The facts as alleged, and any defenses proffered by the Defendants.

    2.  Defendants anticipate conducting discovery on the following categories of information:

        a.    The allegations set forth in Plaintiff's Complaint and EEOC Charge.

        b.    Plaintiff's claimed damages.

        c.    Plaintiff's efforts to mitigate damages and find alternate employment.

    **B.**  Anticipated number of interrogatories per Party:    <u>25 per side.</u>

    **C.**  Anticipated number of depositions per Party:    <u>10 per side.</u>

    **D.**  To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.

    <u>Neither party seeks to exceed the presumptive limits for discovery set forth in the Federal Rules of Civil Procedure.</u>

    **E.**  Do the Parties anticipate the need for any third-party discovery?  If so, identify the likely third-parties and the discovery to be sought.  <u>Yes.</u>

    1. Plaintiff anticipates needing third-party discovery from the Commonwealth of Pennsylvania's Department of Health and any hospital staff that may be considered a third party.

2.  Defendants anticipate needing third-party discovery from (i) the EEOC (in the form of a FOIA request); (ii) the third parties identified in the Amended Complaint, specifically  Dr. Rachel Levine and Lorena Renee Cromartie; (iii) Plaintiff's treating physicians and healthcare providers; and (iv) the witness identified in the Complaint as "Mary Roe," who was present during the incident in question.

**F.**  Do the Parties anticipate the need for experts?  If so, identify the subjects on which the expert(s) may opine.  Not at this time.

## IV.   Status of Discovery

The Parties must summarize the status of discovery to-date.  If nothing has been done in terms of discovery, the Parties should explain why.   In general, the Court prefers the parties to begin discovery prior to the Rule 16 conference.

The parties have not yet begun discovery because Judge Goldberg, the prior judge assigned, expressly told counsel for the parties during a conference call that he wished to resolve the pleadings phase of this case first, as there is a pending partial motion to dismiss which could potentially eliminate the claims based on medical malpractice/negligence, the ADA and Rehabilitation Act, and the privacy claim and narrow the scope of discovery.

## V.   Proposed Case Management Deadlines

When completing this section, the Parties should presume that the Court will not bifurcate fact and expert discovery.  Therefore, the Parties should propose dates that take that presumption into account.

**A.**  Deadline to serve initial disclosures under Rule 26(a)(1) (*must be exchanged at least one (1) business day before Rule 16 conference):             March 12, 2020

**B.** Deadline to amend pleadings to add claims or Parties (*must be as early as practicable to avoid prejudice or unnecessary delays):          May 13, 2020

**C.** Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): N/A.

**D.** Deadline for rebuttal expert reports (if any):          N/A.

**E.** Deadline to complete discovery:          July 13, 2020

**F.** If any Party seeks more than 120 days for fact discovery, explain why. N/A.

**G.** Deadline to file motion for summary judgment:          August 20, 2020

## VI.   Deposition Scheduling

The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery.  If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.

Have the Parties set aside dates for deposition?  ___ Yes  _X__ No

If yes, what are those dates?  _____

If no, when do the parties intend to confer, and how many dates do they intend to set aside?

The parties will confer within two weeks of the Rule 16 Conference to schedule depositions.

## VII.   Electronic Discovery

**Prior to the Rule 16 conference**, the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI,

including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery.  The Parties should summarize their discussion on these issues here.  The Court expects counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation.  If so, **the Parties should submit the stipulation to the Court in advance of the Rule 16 conference**. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.

The parties have discussed electronic discovery and have agreed and will stipulate that email searches will be run based on agreed-upon search parameters (custodians, dates, and search terms).

## VIII.   **Protective Orders and Confidentiality Agreements**

The Parties should indicate whether they anticipate the need for a protective order in this case.  If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards.  In addition, the Parties are directed to Judge Marston's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.

Plaintiff's counsel requests a protective order and confidentiality agreement to protect Plaintiff's anonymity and HIPAA-protected information and will send a draft protective order and confidentiality agreement to defense counsel within two weeks of the Rule 16 conference.

## IX.   **Alternative Dispute Resolution**

**A.** Have the Parties engaged in any settlement discussions?  If so, set forth the status of those negotiations.  If not, explain why not.

10

Plaintiff's counsel anticipates providing a settlement demand to defense counsel in advance of the Rule 16 conference.

**B.** Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

The parties request that the Court refer them to a settlement conference with a Magistrate Judge after the close of discovery and before the filing of dispositive motions.

**C.** Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

Julie Chovanes, Esquire, on behalf of Plaintiff, and Leslie M. Greenspan, Esquire, on behalf of Defendants.

## X.   Consent to Send Case to a Magistrate Judge

The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c).

The parties do not consent to the trial of this case by a Magistrate Judge at this time.

## XI.   Policies and Procedures

Judge Marston's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each *pro se* Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Marston will strike pleadings and other submissions that do not comply with her Policies and Procedures.

## XII.    <u>Other Matters</u>

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).

<u>None at this time.</u>

Date: March 10, 2020

/s/ Julie Chovanes_____                    /s/ Leslie M. Greenspan_____
Counsel for Plaintiff                                   Counsel for Defendants

# EXHIBIT B

**From:** **Julie Chovanes** Julie@trans-help.org
**Subject:** Re: Jane Doe v. UOP, et al. - Deposition Dates
**Date:** March 30, 2020 at 2:39 PM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com
**Cc:** Julie Chovanes Julie@trans-help.org, Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com



Hello I received your email last week on Thursday but I'm afraid I have been sick.   Please let me know if you're able to agree to delay the scheduling by a week as I'm also having difficulty reaching my client over the past few days.  Finally other events in the past two weeks have led to difficulty in me providing you with the revamped privacy section of the complaint as well as our discovery. However I think I need a little more time to stabilize things on my end right now and I thank you for the courtesy

Sent from my iPhone


Sent from my iPhone

On Mar 30, 2020, at 6:30 AM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Ms. Chovanes,

We are due to submit a letter to the Court today about deposition dates that we wish to set aside.  Please see my email below and respond at your earliest opportunity so that we may comply with the Court's deadline of today.

Thank you,
Leslie

**From:** Leslie Greenspan
**Sent:** Thursday, March 26, 2020 9:46 AM
**To:** Julie Chovanes <Julie@trans-help.org>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Jane Doe v. UOP, et al. - Deposition Dates

Good morning, Ms. Chovanes –

I hope you are making your way through these wild and uncertain times and staying safe and healthy.

As you know, the Court expects to hear from us by Monday, March 30 about the dates we are setting aside for depositions in this case.  Of course, the dates will depend on who you want to depose.  Can you please send me the list of witnesses you wish to depose so that I can coordinate their availability?  We may be relegated to doing completely remote video depositions unless we can push the depositions out until June and the current situation improves.

current situation improves.

We would like to depose your client and Mary Roe.  Can we perhaps aim for the first two weeks of June?  I am available June 2, 3, or 4 for Ms. Roe's deposition.  I am available June 9, 10, or 11 for your client's deposition.  I may also wish to depose some of your client's treating physicians or other witnesses identified in your discovery responses, but I will not know the identities of those individuals until I receive your responses and your client's medical records.

Thank you,
Leslie



<image001.jpg>

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com

Please consider the environment before printing this e-mail.
This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

EXHIBIT C



**From:** **Julie Chovanes** jchovanes@chovanes.com
**Subject:** Re: Doe v. HUP et. al. - 2:19-cv-02881
**Date:** April 6, 2020 at 4:41 PM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com
**Cc:** Julie Chovanes Julie@trans-help.org, Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com

Thank you. I would acknowledge somewhere we both reviewed this letter and add to the end that the nature of the discovery is what makes meeting the Court's deadline difficult as well as I have noted in my emails to you.I would also note at the end rather than ...further compliance etc. that we believe we can resolve these matters as discovery proceeds and will keep the Court notified as the Court had requested. as you can see I am on the road this moment but if you want to discuss this I am available for the next 10 minutes by phone.

Thank you.

Sent from my iPhone

On Apr 6, 2020, at 4:35 PM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Attached is the letter we intend to send to the Court today.  Judge Marston is expecting to hear from us today.  If I have misstated anything in the letter, please let me know at your earliest opportunity.  We will send this letter to the Court before the close of business today or shortly thereafter.

Thank you,
Leslie

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Monday, April 6, 2020 12:31 PM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Doe v. HUP et. al. - 2:19-cv-02881

I am unclear what you mean as far as notifying the court, and my understanding is it is to be a joint effort.  If your understanding is the same as mine, kindly forward a draft first.  If you are proceeding on your own contrary to my understanding please notify me accordingly.

Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

On Apr 6, 2020, at 12:01 PM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Thank you, Ms. Chovanes.  We are doing our best to be empathetic while still complying with the Court's Orders and directives.  We intend to write to the judge today with an update on our efforts to comply with her Orders.

Thank you,
Leslie

<image001.jpg>

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com

 Please consider the environment before printing this e-mail.
This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Monday, April 6, 2020 11:42 AM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>; Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Doe v. HUP et. al. - 2:19-cv-02881

Dear Counsel:
Ms. Roe will be available June 2 or 3 for a deposition; Ms. Doe will be available June 9 or 10.
I am unable to understand yet who I may seek to depose until I receive discovery responses.  As you know they have been delayed because of my office closure and my own sickness.  If we can work together on accelerating those responses once I do finish them and serve them, that will help with my ability to schedule too.
I don't know what you mean by confidential with regard to Ms. Roe's identification.  I should have the proposed protective order done shortly as well.  I would propose we just wait until then and I will produce under those terms.
Ms. Kirkpatrick we shall supplement shortly.
I believe that is everything you are waiting on.  Please let me know if there is anything else.
Stay safe.
 Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal
may contain privileged and confidential information, and is intended only
for the recipient(s) listed above. If you are neither the intended recipient(s), nor a
person responsible for the delivery of his transmittal to the intended recipient(s),
you are hereby notified that any distribution or copying of this transmittal
is prohibited. If you have received this transmittal in error, please notify us by
return email immediately.

<2020.04.06 -ltr to Judge Marston re deposition dates update.pdf>

EXHIBIT D



**From:** **Julie Chovanes** jchovanes@chovanes.com
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests
**Date:** April 23, 2020 at 4:56 PM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com
**Cc:** Julie Chovanes Julie@trans-help.org, Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com

I have time Monday or Tuesday to confer.  I would also like to understand exactly which of the anonymous defendants you are representing.  You have named certain people in your initial disclosures as being under our description of anonymous defendants. Are you representing them? Are there any others?

Sent from my iPhone

On Apr 23, 2020, at 4:48 PM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Dear Ms. Chovanes:

As you know, we served you with the Penn Defendants' First Set of Interrogatories and First Set of Requests for Production of Document more than 30 days ago (see below).  Your responses are overdue.  Judge Marton's rules require that we confer about discovery issues verbally in advance of filing any discovery motions.  Do you have a few minutes to talk about the outstanding discovery responses and documents tomorrow morning between 10 and 11 am or tomorrow afternoon between 3 and 4 pm?

Thank you,
Leslie

**From:** Leslie Greenspan
**Sent:** Thursday, March 19, 2020 1:08 PM
**To:** Julie Chovanes <Julie@trans-help.org>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Jane Doe v. Penn, et al. - Discovery Requests

Dear Ms. Chovanes:

Attached are the Penn Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents Directed to Plaintiff.  Kindly respond in accordance with the Federal Rules of Civil Procedure.  These documents are being sent to you in Word format to make responding as convenient as possible, but if you prefer to receive them in pdf format instead, please let me know.

Thank you,
Leslie

-
-
<image001.jpg>

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com

 Please consider the environment before printing this e-mail.

This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

EXHIBIT E



**From:** **Julie Chovanes** Julie@trans-help.org
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests
**Date:** April 28, 2020 at 11:43 AM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com
**Cc:** Julie Chovanes Julie@trans-help.org, Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com

Hello I will get back to you with a time, today is not possible and please answer my question with regard to the named security personnel and police officers as well as the anesthesiologist from your initial disclosures.  I am preparing  a new complaint naming them as defendant based on your initial disclosures. Are you representing them?  Also please answer my question with regard to the settlement demand.

Sent from my iPhone

On Apr 28, 2020, at 11:03 AM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Good morning, Ms. Chovanes –

I am available to confer today between 3 and 4 pm, tomorrow (Wed., 4/29) before 11:00 am, or Th. (4/30) before 11:00 am.  Do any of those times work for you?

As for the initial disclosures, Rule 26(a)(1)(A)(i) requires the name, address, and telephone number of each individual likely to have discoverable information, along with the subjects of that information that you may use to support your claims.  For five of the individuals identified in your initial disclosures and supplemental initial disclosures, there are no addresses or phone numbers for any of these individuals and no information about the subjects of their anticipated testimony.  Rather, you generically stated: "The matters on which they are believed to be testifying include those set forth in the Amended Complaint where they are referenced, as well as related matters…"  For Ms. Doe and Ms. Roe, you did not include their legal names, addresses, or phone numbers, nor did you specify what you meant by "other facts related to the above[-cited paragraphs of the Amended Complaint]."  Please provide amended initial disclosures that include all of the required information under Rule 26.

Thank you,
Leslie

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Thursday, April 23, 2020 4:58 PM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Julie Chovanes <Julie@trans-help.org>; Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests

**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests

 I have time Monday or Tuesday to confer. I anticipate having your responses by Wednesday next week in any event.

I would also like to understand exactly which of the anonymous defendants you are representing.  You have named certain people in your initial disclosures as being under our description of anonymous defendants. Are you representing them? Are there any others?

Finally, we have not received a response to our settlement demand that we furnish you with sometime ago. Please advise.

Sent from my iPhone

Sent from my iPhone

> On Apr 23, 2020, at 4:48 PM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Dear Ms. Chovanes:

As you know, we served you with the Penn Defendants' First Set of Interrogatories and First Set of Requests for Production of Document more than 30 days ago (see below).  Your responses are overdue.  Judge Marton's rules require that we confer about discovery issues verbally in advance of filing any discovery motions.  Do you have a few minutes to talk about the outstanding discovery responses and documents tomorrow morning between 10 and 11 am or tomorrow afternoon between 3 and 4 pm?

Thank you,
Leslie

**From:** Leslie Greenspan
**Sent:** Thursday, March 19, 2020 1:08 PM
**To:** Julie Chovanes <Julie@trans-help.org>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Jane Doe v. Penn, et al. - Discovery Requests

Dear Ms. Chovanes:

Attached are the Penn Defendants' First Set of Interrogatories and First Set of Requests for Production of Documents Directed to Plaintiff.  Kindly respond in accordance with the Federal Rules of Civil Procedure.  These documents are being sent to you in Word format to make responding as convenient as possible, but if you prefer to receive them in pdf format instead, please let me know.

Thank you,
Leslie


**<image001.jpg>**

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com


 Please consider the environment before printing this e-mail.

This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

EXHIBIT F



**From:** **Julie Chovanes** Julie@trans-help.org
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests
**Date:** April 30, 2020 at 2:42 PM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com
**Cc:** Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com

You have identified medical personnel, security officers, and police, specifically Dr. Randolph Newman, Nicholas Cattolico, Jenvoir Chin, Christopher Denschuick, John Alexander, and Nick DiPallo.

I am preparing an amended complaint to include them as named plaintiffs, in partial substitution for the John Doe and Richard Roe defendants.

Are you representing them and will you accept service on their behalf?

Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

On Apr 30, 2020, at 10:20 AM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Thank you.

I do not understand your questions with respect to the "anonymous defendants," so I was hoping to get clarification from you about that when we speak by phone.  Or please feel free to clarify your question in writing if you prefer.

As to your settlement demand, we do not have an offer to extend at this point.

Please supplement your initial disclosures as requested below.  We also need clarification on your statement that  "This disclosure includes the anonymous people identified in the Amended Complaint…"

What time can we speak tomorrow to resolve these various issues?  I am available 9-10 am or 1-4 pm.

Thank you,

Leslie

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Thursday, April 30, 2020 10:01 AM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests

Hello, I received further responses from my client late last night to your discovery.  I am reviewing them today and will incorporate them in the responses which now will be to you tomorrow.

Also, for the third time, kindly answer the questions I have asked below.

Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

> On Apr 28, 2020, at 11:43 AM, Julie Chovanes <Julie@trans-help.org> wrote:
>
> Hello I will get back to you with a time, today is not possible and please answer my question with regard to the named security personnel and police officers as well as the anesthesiologist from your initial disclosures.  I am preparing  a new complaint naming them as defendant based on your initial disclosures. Are you representing them?  Also please answer my question with regard to the settlement demand.

Sent from my iPhone

On Apr 28, 2020, at 11:03 AM, Leslie Greenspan
<lgreenspan@tlgattorneys.com> wrote:

Good morning, Ms. Chovanes –

I am available to confer today between 3 and 4 pm,
tomorrow (Wed., 4/29) before 11:00 am, or Th. (4/30)
before 11:00 am.  Do any of those times work for you?

As for the initial disclosures, Rule 26(a)(1)(A)(i)
requires the name, address, and telephone number of
each individual likely to have discoverable information,
along with the subjects of that information that you
may use to support your claims.  For five of the
individuals identified in your initial disclosures and
supplemental initial disclosures, there are no
addresses or phone numbers for any of these
individuals and no information about the subjects of
their anticipated testimony.  Rather, you generically
stated: "The matters on which they are believed to be
testifying include those set forth in the Amended
Complaint where they are referenced, as well as
related matters…"  For Ms. Doe and Ms. Roe, you did
not include their legal names, addresses, or phone
numbers, nor did you specify what you meant by
"other facts related to the above[-cited paragraphs of
the Amended Complaint]."  Please provide amended
initial disclosures that include all of the required
information under Rule 26.

Thank you,
Leslie

From: Julie Chovanes <Julie@trans-help.org>
Sent: Thursday, April 23, 2020 4:58 PM

**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Julie Chovanes <Julie@trans-help.org>; Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests

I have time Monday or Tuesday to confer. I anticipate having your responses by Wednesday next week in any event.

I would also like to understand exactly which of the anonymous defendants you are representing.  You have named certain people in your initial disclosures as being under our description of anonymous defendants. Are you representing them? Are there any others?

Finally, we have not received a response to our settlement demand that we furnish you with sometime ago. Please advise.

Sent from my iPhone

Sent from my iPhone

> On Apr 23, 2020, at 4:48 PM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:
>
> Dear Ms. Chovanes:
>
> As you know, we served you with the Penn Defendants' First Set of Interrogatories and First Set of Requests for Production of Document more than 30 days ago (see below).  Your responses are overdue.  Judge Marton's rules require that we confer about discovery issues verbally in advance of filing any discovery motions.  Do you have a few minutes to talk about the outstanding discovery responses and documents tomorrow morning between 10 and 11 am or tomorrow afternoon between 3 and 4 pm?

Thank you,
Leslie

---

**From:** Leslie Greenspan
**Sent:** Thursday, March 19, 2020 1:08 PM
**To:** Julie Chovanes <Julie@trans-help.org>
**Cc:** Kathleen Kirkpatrick
<kkirkpatrick@tlgattorneys.com>
**Subject:** Jane Doe v. Penn, et al. - Discovery Requests

Dear Ms. Chovanes:

Attached are the Penn Defendants' First Set
of Interrogatories and First Set of Requests
for Production of Documents Directed to
Plaintiff.  Kindly respond in accordance with
the Federal Rules of Civil Procedure.  These
documents are being sent to you in Word
format to make responding as convenient as
possible, but if you prefer to receive them in
pdf format instead, please let me know.

Thank you,
Leslie


**<image001.jpg>**

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com


🌲 Please consider the environment before printing this e-mail.

This electronic transmission and any documents
accompanying this electronic transmission may contain
privileged and confidential attorney-client information, and
are intended for the confidential use of the recipient(s)

named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

EXHIBIT G



**From:** **Julie Chovanes** Julie@trans-help.org
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests
**Date:** April 30, 2020 at 3:15 PM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com
**Cc:** Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com

I have said since day one the identification of who has damaged my client laid peculiarly in your clients' hands.  You have started with that identification as is your duty in discovery.

Please answer my question — this is the fifth time I have asked it.

Are you representing them and will you accept service?


Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

On Apr 30, 2020, at 2:51 PM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Ms. Chovanes,

When we spoke with the Court for the Rule 16 conference, we discussed the fact that not necessarily every person who was remotely involved in the incident underlying the Complaint or witness to the incident should be named as a defendant, and you agreed and understood that.  Now it seems like you are looking to name everyone who was even remotely involved or was a witness as a defendant.  Just because we have identified individuals with information about the case does not mean that they should necessarily be named as defendants.  You know this, but I just wanted to make sure to reiterate our position before you file an amended complaint and name as defendants individuals whom you have no basis to name.

I will get back to you about whether we represent all of these individuals and whether we will accept service.

Thank you,
Leslie

-
-

**<image001.jpg>**

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com

 Please consider the environment before printing this e-mail.

This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

---

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Thursday, April 30, 2020 2:43 PM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests

You have identified medical personnel, security officers, and police, specifically Dr. Randolph Newman, Nicholas Cattolico, Jenvoir Chin, Christopher Denschuick, John Alexander, and Nick DiPallo.

I am preparing an amended complaint to include them as named plaintiffs, in partial substitution for the John Doe and Richard Roe defendants.

Are you representing them and will you accept service on their behalf?

Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

On Apr 30, 2020, at 10:20 AM, Leslie Greenspan <lgreenspan@tlgattorneys.com> wrote:

Thank you.

I do not understand your questions with respect to the "anonymous defendants," so I was hoping to get clarification from you about that when we speak by phone.  Or please feel free to clarify your question in writing if you prefer.

As to your settlement demand, we do not have an offer to extend at this point.

Please supplement your initial disclosures as requested below. We also need clarification on your statement that  "This disclosure includes the anonymous people identified in the Amended Complaint..."

What time can we speak tomorrow to resolve these various issues?  I am available 9-10 am or 1-4 pm.

Thank you,
Leslie

From: Julie Chovanes <Julie@trans-help.org>

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Thursday, April 30, 2020 10:01 AM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery Requests

Hello, I received further responses from my client late last night to your discovery. I am reviewing them today and will incorporate them in the responses which now will be to you tomorrow.

Also, for the third time, kindly answer the questions I have asked below.


Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.


> On Apr 28, 2020, at 11:43 AM, Julie Chovanes <Julie@trans-help.org> wrote:
>
> Hello I will get back to you with a time, today is not possible and please answer my question with regard to the named security personnel and police officers as well as the anesthesiologist from your initial disclosures.  I am preparing  a new complaint naming them as defendant based on your initial disclosures. Are you representing them?  Also please answer my question with regard to the settlement demand.

Sent from my iPhone

On Apr 28, 2020, at 11:03 AM, Leslie Greenspan
<lgreenspan@tlgattorneys.com> wrote:

Good morning, Ms. Chovanes –

I am available to confer today between 3
and 4 pm, tomorrow (Wed., 4/29) before
11:00 am, or Th. (4/30) before 11:00 am.
Do any of those times work for you?

As for the initial disclosures, Rule 26(a)(1)(A)
(i) requires the name, address, and
telephone number of each individual likely
to have discoverable information, along with
the subjects of that information that you
may use to support your claims.  For five of
the individuals identified in your initial
disclosures and supplemental initial
disclosures, there are no addresses or
phone numbers for any of these individuals
and no information about the subjects of
their anticipated testimony.  Rather, you
generically stated: "The matters on which
they are believed to be testifying include
those set forth in the Amended Complaint
where they are referenced, as well as
related matters…"  For Ms. Doe and Ms.
Roe, you did not include their legal names,
addresses, or phone numbers, nor did you
specify what you meant by "other facts
related to the above[-cited paragraphs of
the Amended Complaint]."  Please provide
amended initial disclosures that include all
of the required information under Rule 26.

Thank you,
Leslie

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Thursday, April 23, 2020 4:58 PM
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>
**Cc:** Julie Chovanes <Julie@trans-help.org>; Kathleen
Kirkpatrick <kkirkpatrick@tlgattorneys.com>
**Subject:** Re: Jane Doe v. Penn, et al. - Discovery
Requests


 I have time Monday or Tuesday to confer. I anticipate
having your responses by Wednesday next week in any
event.

I would also like to understand exactly which of the
anonymous defendants you are representing.  You have
named certain people in your initial disclosures as being
under our description of anonymous defendants. Are
you representing them? Are there any others?

Finally, we have not received a response to our
settlement demand that we furnish you with sometime
ago. Please advise.

Sent from my iPhone




Sent from my iPhone

> On Apr 23, 2020, at 4:48 PM, Leslie
> Greenspan
> <lgreenspan@tlgattorneys.com> wrote:


Dear Ms. Chovanes:

As you know, we served you with
the Penn Defendants' First Set of
Interrogatories and First Set of
Requests for Production of

.

Document more than 30 days ago
(see below).  Your responses are
overdue.  Judge Marton's rules
require that we confer about
discovery issues verbally in
advance of filing any discovery
motions.  Do you have a few
minutes to talk about the
outstanding discovery responses
and documents tomorrow
morning between 10 and 11 am
or tomorrow afternoon between
3 and 4 pm?

Thank you,
Leslie

---

**From:** Leslie Greenspan
**Sent:** Thursday, March 19, 2020 1:08 PM
**To:** Julie Chovanes <Julie@trans-help.org>
**Cc:** Kathleen Kirkpatrick
<kkirkpatrick@tlgattorneys.com>
**Subject:** Jane Doe v. Penn, et al. - Discovery
Requests

Dear Ms. Chovanes:

Attached are the Penn
Defendants' First Set of
Interrogatories and First Set of
Requests for Production of
Documents Directed to Plaintiff.
Kindly respond in accordance
with the Federal Rules of Civil
Procedure.  These documents are
being sent to you in Word format
to make responding as convenient
as possible, but if you prefer to
receive them in pdf format

receive them in pdf format
instead, please let me know.

Thank you,
Leslie


<image001.jpg>

**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com


 Please consider the environment before printing
this e-mail.

This electronic transmission and any
documents accompanying this electronic
transmission may contain privileged and
confidential attorney-client information, and
are intended for the confidential use of the
recipient(s) named above. If you are not the
intended recipient, you are hereby notified
that any review, dissemination, distribution or
copying of this electronically transmitted
information is strictly prohibited. If you have
received this electronic transmission in error,
please notify the sender immediately by
sending a return message, and destroy the
message you received. Thank you.

EXHIBIT H



**From:** **Julie Chovanes** Julie@trans-help.org
**Subject:** Jane Doe v. Univ. of Pennsylvania, et al., Case No. 19-cv-2881
**Date:** May 11, 2020 at 6:19 PM
**To:** Chambers Judge Marston Chambers_Judge_Marston@paed.uscourts.gov
**Cc:** Leslie Greenspan lgreenspan@tlgattorneys.com, Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com, Joe Tucker jtucker@tlgattorneys.com

Hon. Karen S. Marston
U.S.D.J.                              Via EMAIL

Dear Judge Marston:

Earlier today we had requested an extension of time from Defendants for discovery in this case for four reasons:

1) We still have no response to the Amended Complaint.  While we are preparing a Second Amended Complaint we are simply unable to know what facts Defendants are challenging and therefore are unable to engage in the sort of efficient discovery contemplated by the Federal Rules;

2) The about three month city wide shut down, and the fact that the first proposed deposition will not occur because of the shutdown as it was scheduled before June 4;

3) Ms. Doe and I have had difficulties communicating because of the shutdown;

4) I have been ill for the past few weeks and have notified counsel accordingly.

On the other hand, the Defendants have indicated in their words and actions that there is no prejudice to them regarding the pace of the case.

See my email below.

I received no response until a nearly simultaneous response and a filing to you regarding this matter at about 4:40 pm today. Defendants' filing is objectionable as they have not discussed it with us at all.

Our request is simple and due to matters far beyond anyone's control.  It is also meant to efficiently proceed once we can safely.

There is no prejudice to any party by our request, and in fact the reasons we have given demonstrate the manifest prejudice to us of the extension is not reset and discovery not scheduled until a response is received.

Therefore, we request the Court reset discovery deadlines beginning with the date the Amended Complaint is answered and after the city is presently scheduled to restart.

If the restart occurs after that, we would request the restart be reset to that date.

We are also preparing a Second Amended Complaint which should obviate Defendants' objections to the Amended Complaint, and that should be filed by weeks' end.

Respectfully,

Julie Chovanes, Esq.

jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

*We help some of the poorest and most disadvantaged people in the world.*

www.chovaneslaw.com

Philadelphia Business Journal
Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016
Pro Bono Hours and LGBT Businesses 2018
Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

Begin forwarded message:

**From:** Julie Chovanes <julie@trans-help.org>
**Subject: Doe v. HUP et. al.**

**Date:** May 11, 2020 at 2:01:12 PM EDT
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>, Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>

Counsel:

Please let me know by the close of business if you are willing to agree to a restart of the discovery timing in this case.  I am going to request the extension from the Court for at least the following reasons:

- We still have no response to the Amended Complaint.  While we are preparing a Second Amended Complaint and should have that to you tonight for the review we suggested previously, we are simply unable to know what facts you are challenging and therefore are unable to engage in the sort of efficient discovery contemplated by the Federal Rules;

- The about three month city wide shut down, and the fact that the first proposed deposition will not occur because of the shutdown as it was scheduled before June 4,

 - Ms. Doe and I have had difficulties communicating because of the shutdown;

 - I have been ill for the past few weeks and have notified you accordingly.  I am unable to talk on the phone right now, due to my illness.

On the other hand, the Defendants have indicated in their words and actions that there is no prejudice to them regarding the pace of the case.

Please let me know if you are willing to agree to a reset of all deadlines.

Respectfully,

Julie Chovanes, Esq.

jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

*We help some of the poorest and most disadvantaged people in the world.*

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

EXHIBIT H1

From: **Julie Chovanes** jchovanes@chovanes.com  
Subject: Re: Jane Doe v. Univ. of Pennsylvania, et al., Case No. 19-cv-2881
Date: May 15, 2020 at 8:39 AM
To: Chambers Judge Marston  Chambers_Judge_Marston@paed.uscourts.gov
Cc: Leslie Greenspan  lgreenspan@tlgattorneys.com,  Kathleen Kirkpatrick  kkirkpatrick@tlgattorneys.com,  jtucker_tlgattorneys.com
jtucker@tlgattorneys.com



Dear Judge Marston:

Pursuant to the Court's Order below, we conferred and were unable to reach accommodation on the issues.

Our primary issue, which we believe will subsume the others we will explain at the conference, is the filing of the enclosed Second Amended Complaint, which Defendants inform us they will object to.

We believe they are wrong to object and refer to the recent controlling authority in this Circuit, Garrett v. Wexford Health, 938 F.3d 69 (3d Cir. 2019), in which ironically enough Penn argued the exact opposite side — and won — on behalf of a pro se defendant.

Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

**We help the poorest and most disadvantaged people in the world.**

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

On May 12, 2020, at 6:30 PM, Chambers Judge Marston <Chambers_Judge_Marston@paed.uscourts.gov> wrote:

Counsel:

Attached is an order Judge Marston issued today. Due to the time, it may not be docketed until tomorrow.

The dial-in information for the call is:
Dial in #: 888 684 8852
Access Code: 5138544

Have a good evening,

Stephen Scaife
*Law Clerk to the Honorable Karen S. Marston*
Email: stephen_scaife@paed.uscourts.gov

**From:** Julie Chovanes <Julie@trans-help.org>
**Sent:** Monday, May 11, 2020 6:19 PM
**To:** Chambers Judge Marston <Chambers_Judge_Marston@paed.uscourts.gov>
**Cc:** Leslie Greenspan <lgreenspan@tlgattorneys.com>; Kathleen Kirkpatrick
<kkirkpatrick@tlgattorneys.com>; jtucker_tlgattorneys.com <jtucker@tlgattorneys.com>
**Subject:** Jane Doe v. Univ. of Pennsylvania, et al., Case No. 19-cv-2881

Hon. Karen S. Marston
U.S.D.J.   Via EMAIL

Dear Judge Marston:

Earlier today we had requested an extension of time from Defendants for discovery in this case for four
reasons:

1) We still have no response to the Amended Complaint.  While we are preparing a Second Amended
Complaint we are simply unable to know what facts Defendants are challenging and therefore are unable to
engage in the sort of efficient discovery contemplated by the Federal Rules;
2) The about three month city wide shut down, and the fact that the first proposed deposition will not occur
because of the shutdown as it was scheduled before June 4;
3) Ms. Doe and I have had difficulties communicating because of the shutdown;
4) I have been ill for the past few weeks and have notified counsel accordingly.
On the other hand, the Defendants have indicated in their words and actions that there is no prejudice to them
regarding the pace of the case.
See my email below.

I received no response until a nearly simultaneous response and a filing to you regarding this matter at about
4:40 pm today.  Defendants' filing is objectionable as they have not discussed it with us at all.

Our request is simple and due to matters far beyond anyone's control.  It is also meant to efficiently proceed
once we can safely.

There is no prejudice to any party by our request, and in fact the reasons we have given demonstrate the
manifest prejudice to us of the extension is not reset and discovery not scheduled until a response is
received.

Therefore, we request the Court reset discovery deadlines beginning with the date the Amended Complaint is
answered and after the city is presently scheduled to restart.

If the restart occurs after that, we would request the restart be reset to that date.

We are also preparing a Second Amended Complaint which should obviate Defendants' objections to the
Amended Complaint, and that should be filed by weeks' end.

Respectfully,
Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

*We help some of the poorest and most disadvantaged people in the world.*

www.chovaneslaw.com

Philadelphia Business Journal
Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016
Pro Bono Hours and LGBT Businesses 2018
Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

Begin forwarded message:

**From:** Julie Chovanes <julie@trans-help.org>
**Subject: Doe v. HUP et. al.**
**Date:** May 11, 2020 at 2:01:12 PM EDT
**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>, Kathleen Kirkpatrick <kkirkpatrick@tlgattorneys.com>

Counsel:
Please let me know by the close of business if you are willing to agree to a restart of the discovery timing in this case.  I am going to request the extension from the Court for at least the following reasons:
- We still have no response to the Amended Complaint.  While we are preparing a Second Amended Complaint and should have that to you tonight for the review we suggested previously, we are simply unable to know what facts you are challenging and therefore are unable to engage in the sort of efficient discovery contemplated by the Federal Rules;
- The about three month city wide shut down, and the fact that the first proposed deposition will not occur because of the shutdown as it was scheduled before June 4,
 - Ms. Doe and I have had difficulties communicating because of the shutdown;
 - I have been ill for the past few weeks and have notified you accordingly.  I am unable to talk on the phone right now, due to my illness.
On the other hand, the Defendants have indicated in their words and actions that there is no prejudice to them regarding the pace of the case.
Please let me know if you are willing to agree to a reset of all deadlines.
Respectfully,
Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

*We help some of the poorest and most disadvantaged people in the world.*

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

<19cv2881-051220.pdf>



Second
Amend...20.pdf

Exhibit I

**From:** **Julie Chovanes** Julie@trans-help.org
**Subject:** Doe v. HUP et. al.
**Date:** May 18, 2020 at 8:25 AM
**To:** Leslie Greenspan lgreenspan@tlgattorneys.com,  Kathleen Kirkpatrick  kkirkpatrick@tlgattorneys.com



---

Please advise if you are counsel for the newly named defendants and if you will accept service of the Second Amended Complaint on their behalf. Specifically they are Dr. Randolph Newman, HUP Security Officer Nicholas Cattolico, HUP Security Officer Jenvoir Chin, Penn Police Officer Christopher Denschuick, Penn Police Officer John Alexander and Penn Police Officer Nick DiPallo.

Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

**Exhibit K**

From: **Leslie Greenspan** lgreenspan@tlgattorneys.com 
Subject: **RE: Doe v. HUP et. al.**
Date: May 18, 2020 at 11:19 AM
To: Julie Chovanes Julie@trans-help.org
Cc: Kathleen Kirkpatrick kkirkpatrick@tlgattorneys.com

Dear Ms. Chovanes:

Yes, we will be representing the 6 individuals you identified below, and we are willing to accept/waive service pursuant to F.R.C.P. 4(d).  But please note that before you are entitled to file or serve the Second Amended Complaint, you are required to seek leave of Court pursuant to Rule 15(a)(2).  We discussed your forthcoming motion for leave to file the Second Amended Complaint with the Court on Friday.

Thank you,
Leslie



**Leslie Miller Greenspan, Esquire**
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
215-875-0609 (phone)
215-982-2271 (direct)
215-559-6209 (fax)
lgreenspan@tlgattorneys.com

 Please consider the environment before printing this e-mail.
This electronic transmission and any documents accompanying this electronic transmission may contain privileged and confidential attorney-client information, and are intended for the confidential use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this electronically transmitted information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by sending a return message, and destroy the message you received. Thank you.

From: Julie Chovanes <Julie@trans-help.org>
Sent: Monday, May 18, 2020 8:26 AM

**To:** Leslie Greenspan <lgreenspan@tlgattorneys.com>; Kathleen Kirkpatrick
<kkirkpatrick@tlgattorneys.com>
**Subject:** Doe v. HUP et. al.

Please advise if you are counsel for the newly named defendants and if you will accept service of the Second Amended Complaint on their behalf.  Specifically they are Dr. Randolph Newman, HUP Security Officer Nicholas Cattolico, HUP Security Officer Jenvoir Chin, Penn Police Officer Christopher Denschuick, Penn Police Officer John Alexander and Penn Police Officer Nick DiPallo.


Julie Chovanes, Esq.
jchovanes@chovanes.com
julie@trans-help.org
267-235-4570

We help the poorest and most disadvantaged people in the world.

www.chovaneslaw.com

Philadelphia Business Journal Top 25 Law Firms, IP Law Firms, Pro Bono Hours and LGBT Businesses 2016

Pro Bono Hours and LGBT Businesses 2018

Top 10 LGBT Advocates 2017

Attorney-Client Privilege/Attorney Work Product. This transmittal may contain privileged and confidential information, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s), nor a person responsible for the delivery of his transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify us by return email immediately.

**CONFIDENTIAL UNDER HIPAA,
EMPLOYMENT AND OTHER RELEVANT LAWS**

**EXHIBIT C**

 **Lambda Legal**
making the case for equality

March 2, 2018

**EXHIBIT L**

Hospital of the University of Pennsylvania
3400 Spruce St.
Medical Records Department
1ˢᵗ Fl. Founders
Philadelphia PA 19104

To Whom It May Concern:

Enclosed, please find an authorization to obtain the medical records of the aforementioned
patient. Please forward all records from 2018 to:

Amy Cook, Legal Administrative Manager
Lambda Legal
120 Wall St. 19ᵗʰ Fl.
New York, NY 10005
acook@lambdalegal.org

Thank you.

Sincerely,

Amy Cook
Legal Administrative Manager

RECEIVED
MAR 1 2 2018

BY: ...........................






## Lambda Legal
making the case for equality

March 2, 2018

Hospital of the University of Pennsylvania
3400 Spruce St.
Medical Records Department
1st Fl. Founders
Philadelphia PA 19104

Re:     

To Whom It May Concern:

Enclosed, please find an authorization to obtain the medical records of the aforementioned patient. Please forward <u>all records from 2018</u> to:

Amy Cook, Legal Administrative Manager
Lambda Legal
120 Wall St. 19th Fl.
New York, NY 10005
acook@lambdalegal.org

Thank you.

Sincerely,

Amy Cook
Legal Administrative Manager


RECEIVED
MAR 1 2 2018

BY: ..........................

# INVOICE



## PAYMENT SHEET

## PLEASE RETURN THIS WITH YOUR PAYMENT.

**MAKE PAYMENT TO:**

IOD Incorporated
PO Box 19072
Green Bay, WI 54307-9072

TaxID No. 65-0765287

| | |
|---|---|
| Invoice No: | **46828374** |
| Requester: | **LAMBDA LEGAL** |
| Account #: | |
| Patient Name: | |
| Amount Due: | **38.47** |

Amount Paid $

Check No

To make an online payment, please go to payportal.iodincorporated.com

---

*IOD Incorporated   TaxID No. 65-0765287*
*PO Box 19072, Green Bay WI, 54307-9072*
*Phone: 866-420-7455 Option 1 * Fax: 920-406-6537*

**Page 2 of 2**



 **Penn Medicine**

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Abstract of Health Info Report

## Patient Demographics

| Address | Phone | E-mail Address |
|---|---|---|
| | | |

## Department

| Name | Address | Phone | Fax |
|---|---|---|---|
| HUP Endoscopy | 3400 Civic Center Boulevard<br>Philadelphia PA 19104-5137 | 800-789-7366 | 215-615-5517 |

## Admission Information

| Arrival Date/Time: | | Admit Date/Time: | 02/20/2018 1206 | IP Adm.<br>Date/Time. | |
|---|---|---|---|---|---|
| Admission Type: | Routine Elective Admission | Point of Origin: | Ra-routine Admission Sched/booked | Admit Category: | |
| Means of Arrival: | | Primary Service: | Gastroenterology | Secondary Service: | N/A |
| Transfer Source: | | Service Area: | UPHS SERVICE AREA | Unit: | HUP Endoscopy |
| Admit Provider: | Pickett-Blakely, Octavia, MD | Attending Provider: | Pickett-Blakely, Octavia, MD | Referring Provider: | Wang, Lin-Fan, MD |

## Immunizations

| Name | Date | Route | Site |
|---|---|---|---|
| **Influenza** | 11/11/14 | Intramuscular | Left deltoid |
| Given By: Kearney, Mary Ellen, RN<br>Lot#: DL352 | | Manufacturer: GSK<br>Comment: | |
| **PPD** | 01/14/15 | Intradermal | Left Arm - Lower |
| Given By: Clark-Hornbaker, Tracy A, RN<br>Lot#: C4515AA | | Manufacturer: Sanofi-Pasteur<br>Comment: | |
| **PPD** | 11/11/14 | Intradermal | Left Arm - Lower |
| Given By: Kearney, Mary Ellen, RN<br>Lot#: C4582AA | | Manufacturer: Sanofi-Pasteur<br>Comment: | |

## Discharge Information

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 02/20/2018 1527 | Home Or Self Care (Routine) | None | None | HUP Endoscopy |

## H&P - Encounter Notes

### H&P by Pickett-Blakely, Octavia, MD at 2/20/2018 12:53 PM

| Author: Pickett-Blakely, Octavia, MD | Service: GASTROENTEROLOGY (PPMC,PAH,HUP,CCH) | Author Type: Physician |
|---|---|---|
| Filed: 2/20/2018 12:54 PM | Date of Service: 2/20/2018 12:53 PM | Status: Signed |
| Editor: Pickett-Blakely, Octavia, MD (Physician) | | |

## History & Physical

2/20/2018

Procedure(s): Procedure(s):
EGD FLEXIBLE TRANSORAL DIAGNOSTIC W/WO SPECIMEN COLLECTION BY

 Generated on 3/21/18  1:10 PM

 Penn Medicine

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Abstract of Health Info Report

H&P - Encounter Notes (continued)

H&P by Pickett-Blakely, Octavia, MD at 2/20/2018 12:53 PM (continued)
BRUSHING/WASHING
HPI: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ who presents with chief complaint of and evaluation of change in bowel
habits.
Allergies: Allergy List:
1) Penicillins - Angioedema
2) Sulfa Antibiotics - Rash

Past Medical History:

| Diagnosis | Date |
|---|---|

- Bipolar 1 disorder
- Hypertension
  borderline

Past Surgical History:

| Procedure | Laterality | Date |
|---|---|---|

- COLONOSCOPY
- HX WISDOM TEETH EXTRACTION

Social History

| Substance Use Topics | |
|---|---|
| - Smoking status: | Never Smoker |
| - Smokeless tobacco: | Never Used |
| - Alcohol use | No |

Family History: noncontributory

Review of Systems
Pertinent items are noted in HPI.
A comprehensive review of systems was otherwise negative.

BP 124/72 | Temp (Src) 98.3 °F (36.8 °C) (Oral) | Resp 16 | Ht 5' 9" (1.753 m) | Wt 222 lb (100.7 kg) | SpO2
98% | BMI 32.78 kg/m2

General:alert, appears stated age and cooperative
Lungs:clear to auscultation bilaterally
Heart:regular rate and rhythm
Abdomen:normal exam
Neurologic:awake, alert, orient x3

Assessment:

Procedure indication(s): alteration of bowel pattern

Plan:

 Generated on 3/21/18  1:10 PM

 Penn Medicine

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Abstract of Health Info Report

H&P - Encounter Notes (continued)

H&P by Pickett-Blakely, Octavia, MD at 2/20/2018 12:53 PM (continued)

1. Discussed the risk of the procedure including bleeding, perforation, infection, or reaction to medication used for sedation. The patient understands the risks, any and all questions were answered to the patient's satisfaction.
2. Commence with procedure.

Octavia Pickett-Blakely, MD

Electronically Signed by Pickett-Blakely, Octavia, MD on 2/20/2018 12:54 PM

GI Interface orderables - All Results

COLONOSCOPY FLX DX W/COLLJ SPEC WHEN PFRMD                                    Result status: Final result
Filed by: Interface, Transscan824109 In  02/20/18 1436        Resulting lab: GI PROVATION

Encounter-Level Documents - 02/20/2018:
    Scan on 3/2/2018 12:04 PM : Procedure Reports (below)



 **Penn Medicine**

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-135█
Abstract of Health Info Report

Encounter-Level Documents - 02/20/2018: (continued)

**Penn Medicine**

| | | | |
|---|---|---|---|
| **Patient Name:** | | **Procedure Date:** | 2/20/2018 2:03 PM |
| **MRN:** | | **CSN:** | |
| **Date of Birth:** | | **Admit Type:** | Outpatient |
| **Age:** | | **Room:** | HUP EC 71 |
| **Note Status:** | Finalized | **Attending MD:** | Octavia Pickett-Blakely, MD |
| **Instrument Name:** | CF-HQ190L 0291 | | |

| | |
|---|---|
| **Procedure:** | Colonoscopy |
| **Indications:** | Change in bowel habits |
| **Providers:** | Octavia Pickett-Blakely, MD, Othello (Omar) Arenas (Nurse), Shannayah A. Williams (Technician) |
| **Referring MD:** | Lin-Fan Wang, MD (Referring MD) |
| **Requesting Provider:** | |
| **Medicines:** | Monitored Anesthesia Care |
| **Complications:** | No immediate complications. |
| **Procedure:** | After I obtained informed consent and prior to the administration of anesthesia, I confirmed the identity of the patient and verified the procedure to be performed with the patient. The scope was passed under direct vision. Throughout the procedure, the patient's blood pressure, pulse, and oxygen saturations were monitored continuously. The CF-HQ190L 2510291 was introduced through the mouth, and advanced to the the terminal ileum. After I obtained informed consent and prior to the administration of anesthesia, I confirmed the identity of the patient and verified the procedure to be performed with the patient. The scope was passed under direct vision. Throughout the procedure, the patient's blood pressure, pulse, and oxygen saturations were monitored continuously.The colonoscopy was performed without difficulty. The patient tolerated the procedure well. The quality of the bowel preparation was good. |

**Findings:**

The perianal and digital rectal examinations were normal except for hemorrhoids.

The entire examined colon appeared normal on direct and retroflexion views.

The terminal ileum appeared normal.

**Add'l Images:**

   

[1]   [2]   [3]   [4] ileum normal

   

[5] appendiceal orifice   [6] normal   [7]   [8]

*Hospital of the University of Pennsylvania*

Order-Level Documents:

There are no order-level documents.

 Generated on 3/21/18  1:10 PM

 Penn Medicine

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Hospital Encounter Record



## Patient Demographics

| Name | Patient ID | SSN | Sex | Birth Date |
|---|---|---|---|---|
| | | | | |

| Address | Phone | Email | Employer |
|---|---|---|---|
| | | | |

| Reg Status | PCP | Date Last Verified | Next Review Date |
|---|---|---|---|
| Verified | Wang, Lin-Fan, MD 215-563-0658 | 10/06/17 | 04/04/18 |

## Department

| Name | Address | Phone | Fax |
|---|---|---|---|
| HUP Endoscopy | 3400 Civic Center Boulevard Philadelphia PA 19104-5137 | 800-789-7366 | 215-615-5517 |

## Admission Information

| | | | | |
|---|---|---|---|---|
| Arrival Date/Time: | | Admit Date/Time: | 02/20/2018 1206 | IP Adm. Date/Time: |
| Admission Type: | Routine Elective Admission | Point of Origin: | Re-routine Admission Sched/booked | Admit Category: |
| Means of Arrival: | | Primary Service: | Gastroenterology | Secondary Service: N/A |
| Transfer Source: | | Service Area: | UPHS SERVICE AREA | Unit: HUP Endoscopy |
| Admit Provider: | Pickett-Blakely, Octavia, MD | Attending Provider: | Pickett-Blakely, Octavia, MD | Referring Provider: Wang, Lin-Fan, MD |

## Discharge Information

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 02/20/2018 1527 | Home Or Self Care (Routine) | None | None | HUP Endoscopy |

## Respiratory Care - All Orders

### OXYGEN THERAPY PROTOCOL [231727517]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Continuous 02/19/18 1630 - Until Specified
Canceled by: User, Dc 02/27/18 0000

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Cancel Held**

#### Questionnaire

| Question | Answer |
|---|---|
| Device | Nasal Cannula |
| Rate in liters per minute: | 2 LPM |

## IV - All Orders

### INSERT PERIPHERAL IV [278114602]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Once 02/19/18 1630 - 1 Occurrences
Canceled by: User, Dc 02/27/18 0000
Order comments: In right arm for endoscopy

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Cancel Held**

## Discharge - All Orders

### DISCHARGE ORDER [278114617]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/20/18 1432**
Ordering user: Pickett-Blakely, Octavia, MD 02/20/18 1432
Authorized by: Pickett-Blakely, Octavia, MD
Order comments: Please be aware that this is the DISCHARGE ORDER

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Completed**

### DISCHARGE ORDER [278114616]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/20/18 1432**
Ordering user: Pickett-Blakely, Octavia, MD 02/20/18 1432

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Completed**



 **Penn Medicine**

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Hospital Encounter Record



## Discharge · All Orders (continued)

### DISCHARGE ORDER [278114616] (continued)

Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Once 02/20/18 1445 - 1 Occurrences
Order comments: Please be aware that this is the DISCHARGE ORDER

## Nursing · All Orders

### MAINTAIN IV ACCESS [278114620]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Discontinued by: Adt Auto Discharge, Batch 02/20/18 1927 [Patient Discharged]

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Discontinued**

### MAINTAIN IV ACCESS [231727516]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Until Discontinued 02/20/18 1445 - Until Specified
Discontinued by: Adt Auto Discharge, Batch 02/20/18 1927 [Patient Discharged]

Ordering provider: Pickett-Blakely, Octavia, MD

Released by: Donaghy, Christina, RN 02/20/18 1435

Status: **Discontinued**

### VITAL SIGNS [278114618]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Discontinued by: Adt Auto Discharge, Batch 02/20/18 1927 [Patient Discharged]

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Discontinued**

### ACTIVITY AS TOLERATED [278114619]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Discontinued by: Adt Auto Discharge, Batch 02/20/18 1927 [Patient Discharged]

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Discontinued**

### VITAL SIGNS [231727514]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Once 02/20/18 1445 - 1 Occurrences
Discontinued by: Adt Auto Discharge, Batch 02/20/18 1927 [Patient Discharged]

Ordering provider: Pickett-Blakely, Octavia, MD

Released by: Donaghy, Christina, RN 02/20/18 1435

Status: **Discontinued**

### ACTIVITY AS TOLERATED [231727515]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Until Discontinued 02/20/18 1445 - Until Specified
Discontinued by: Adt Auto Discharge, Batch 02/20/18 1927 [Patient Discharged]

Ordering provider: Pickett-Blakely, Octavia, MD

Released by: Donaghy, Christina, RN 02/20/18 1435

Status: **Discontinued**

### ACCUCHECK [278114603]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Once 02/19/18 1630 - 1 Occurrences
Canceled by: User, Dc 02/27/18 0000
Order comments: In Endo Suite or in PRA prior to procedure if diabetic

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Cancel Held**

## GI interface orderables · All Orders

### COLONOSCOPY FLX DX W/COLLJ SPEC WHEN PFRMD [278114615]

Electronically signed by: **Pickett-Blakely, Octavia, MD on 02/19/18 1628**
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD

Ordering provider: Pickett-Blakely, Octavia, MD

Status: **Completed**

Scan on 2/20/2018  2:35 PM by Pickett-Blakely, Octavia, MD : Colonoscopy (below)



 **Penn Medicine**



PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Hospital Encounter Record

---

### GI interface orderables - All Orders (continued)

**Penn Medicine**

| | | | |
|---|---|---|---|
| **Patient Name:** | | **Procedure Date:** | |
| **MRN:** | | **CSN:** | |
| **Date of Birth:** | | **Admit Type:** | Outpatient |
| **Age:** | | **Room:** | HUP EC 71 |
| **Note Status:** | Finalized | **Attending MD:** | Octavia Pickett-Blakely, MD |
| **Instrument Name:** | CF-HQ190L 0291 | | |

| | |
|---|---|
| **Procedure:** | Colonoscopy |
| **Indications:** | Change in bowel habits |
| **Providers:** | Octavia Pickett-Blakely, MD, Othello (Omar) Arenas (Nurse), Shannayah A. Williams (Technician) |
| **Referring MD:** | Lin-Fan Wang, MD (Referring MD) |
| **Requesting Provider:** | |
| **Medicines:** | Monitored Anesthesia Care |
| **Complications:** | No immediate complications. |
| **Procedure:** | After I obtained informed consent and prior to the administration of anesthesia, I confirmed the identity of the patient and verified the procedure to be performed with the patient. The scope was passed under direct vision. Throughout the procedure, the patient's blood pressure, pulse, and oxygen saturations were monitored continuously. The CF-HQ190L 2510291 was introduced through the mouth, and advanced to the the terminal ileum. After I obtained informed consent and prior to the administration of anesthesia, I confirmed the identity of the patient and verified the procedure to be performed with the patient. The scope was passed under direct vision. Throughout the procedure, the patient's blood pressure, pulse, and oxygen saturations were monitored continuously. The colonoscopy was performed without difficulty. The patient tolerated the procedure well. The quality of the bowel preparation was good. |

**Findings:**

The perianal and digital rectal examinations were normal except for hemorrhoids.

The entire examined colon appeared normal on direct and retroflexion views.

The terminal ileum appeared normal.

**Add'l Images:**



ileum normal

appendiceal orifice       normal

---

*Hospital of the University of Pennsylvania*

 Generated on 3/21/18  1:10 PM

 Penn Medicine

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Hospital Encounter Record



**GI interface orderables - All Orders (continued)**

 Penn Medicine

| | | | |
|---|---|---|---|
| **Patient Name:** | | **Procedure Date:** | 2/20/2018 2:03 PM |
| **MRN:** | | **CSN:** | |
| **Date of Birth:** | | **Admit Type:** | Outpatient |
| **Age:** | | **Room:** | HUP EC 71 |
| **Note Status:** | Finalized | **Attending MD:** | Octavia Pickett-Blakely, MD |
| **Instrument Name:** | CF-HQ190L 0291 | | |

  

**Impression:**     - The entire examined colon is normal on direct and retroflexion views.
                           - The examined portion of the ileum was normal.
                           - No specimens collected.

**Recommendation:**     - Return to referring physician.

**Attending Participation:**

        I personally performed the entire procedure.

Octavia Pickett-Blakely, MD
--------------------------------------------
Octavia Pickett-Blakely, MD
Signed Date: 2/20/2018 2:31:27 PM
This report has been signed electronically.
**Number of Addenda:**     0
**Note Initiated On:**     2/20/2018 2:03:34 PM

 **Penn Medicine**

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Hospital Encounter Record



## GI interface orderables - All Orders (continued)

### COLONOSCOPY FLX DX W/COLLJ SPEC WHEN PFRMD [278114604]

Electronically signed by: **Pickett-Blakely, Octavia, MD** on 02/19/18 1628
Ordering user: Pickett-Blakely, Octavia, MD 02/19/18 1628
Authorized by: Pickett-Blakely, Octavia, MD
Frequency: Once 02/20/18 1415 - 1 Occurrences

Ordering provider: Pickett-Blakely, Octavia, MD

Released by: Arenas, Othello M, RN 02/20/18 1414

Status: **Completed**

## Medications - All Orders

### amphetamine-dextroamphetamine 20 MG tablet [278114605]

Electronically signed by: **Rosero, Jennifer, RN** on 02/20/18 1301
Ordering user: Rosero, Jennifer, RN 02/20/18 1301
Frequency: BID  - Until Discontinued

Authorized by: Provider, Outside

Status: **Active**

### lamoTRIgine 100 MG tablet [278114606]

Electronically signed by: **Rosero, Jennifer, RN** on 02/20/18 1301
Ordering user: Rosero, Jennifer, RN 02/20/18 1301
Frequency: Daily  - Until Discontinued

Authorized by: Provider, Outside

Status: **Active**

## Patient Demographics

| Reg Status | PCP | Date Last Verified | Next Review Date |
|---|---|---|---|
| Verified | Wang, Lin-Fan, MD215-563-0658 | 10/06/17 | 04/04/18 |

## Patient Demographics

| Address | Phone | Email Address |
|---|---|---|
|  |  |  |

## Department

| Name | Address | Phone | Fax |
|---|---|---|---|
| HUP Endoscopy | 3400 Civic Center Boulevard Philadelphia PA 19104-5137 | 800-789-7366 | 215-615-5517 |

## Admission Information

| Arrival Date/Time: | | Admit Date/Time: | 02/20/2018 1206 | IP Adm. Date/Time: | |
|---|---|---|---|---|---|
| Admission Type: | Routine Elective Admission | Point of Origin: | Re-routine Admission Sched/booked | Admit Category: | |
| Means of Arrival: | | Primary Service: | Gastroenterology | Secondary Service: | N/A |
| Transfer Source: | | Service Area: | UPHS SERVICE AREA | Unit: | HUP Endoscopy |
| Admit Provider: | Pickett-Blakely, Octavia, MD | Attending Provider: | Pickett-Blakely, Octavia, MD | Referring Provider: | Wang, Lin-Fan, MD |

## Discharge Information

| Discharge Date/Time | Discharge Disposition | Discharge Destination | Discharge Provider | Unit |
|---|---|---|---|---|
| 02/20/2018 1527 | Home Or Self Care (Routine) | None | None | HUP Endoscopy |



 Penn Medicine

PCAM ENDO PROC
3400 Civic Center Blvd
Philadelphia PA 19104-1357
Progress Notes



### Progress Notes

**Progress Notes by Donaghy, Christina, RN at 2/20/2018  3:27 PM**

| | | |
|---|---|---|
| Author: Donaghy, Christina, RN | Service: (none) | Author Type: Registered Nurse |
| Filed: 2/20/2018  5:29 PM | Date of Service: 2/20/2018  3:27 PM | Status: Signed |
| Editor: Donaghy, Christina, RN (Registered Nurse) | | |

**ADDENDUM** - Pt was screaming, "let me the f--- out of here," and was refusing to be monitored in recovery room.

Electronically signed by Donaghy, Christina, RN at 2/20/2018  5:29 PM

## END OF REPORT

