IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, et. al.<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 2:19-cv-02881-KSM |

<u>Plaintiff's Response to Defendant's University of Pennsylvania's Motion To Dismiss</u>

Defendant University of Pennsylvania's ("Penn's") Motion To Dismiss ("Motion", ECF No. 48) should be denied as it lacks reference to any Federal Rule of Civil Procedure as support, cites inapposite legal authority and has no evidence in support. Moreover, Penn has waived any argument as its motion should have been brought previously, in its pending Motion to Dismiss (ECF No. 23) and/or its pending Opposition to Plaintiff's Motion for Leave to Amend (ECF No 38).

<u>There is no Federal Rule referenced in Penn's Motion</u>

The Federal Rules of Civil Procedure control proceedings in the federal courts. *See, e.g.*, Fed.R.Civ.Pro. 1:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Defendant cites no Federal Rules in its motion in support, however, just a repeated insistence by counsel that Penn is misnamed and plaintiff meant "The Trustees of the University

of Pennsylvania". But plaintiff didn't – she separately named the Trustees as another defendant. *See, e.g.,* the original Complaint (ECF No. 1). (At the end of its Motion, Penn mentions Fed.R.Civ.Pro. 15 but does not rely on the Rule for support).

Penn's Motion should fail because it lacks any support in the Federal Rules.

<u>Penn's authorities are inapposite</u>

Penn cites two cases in its motion as support but neither has anything to do with the issue here. One is a case where Penn's Police Department was named (which is not the case here) and the other is a state court case – under a different set of procedural rules.

<u>Penn offers no evidence in support</u>

The Exhibits attached to Penn's Motion are unsupported and incompetent evidence. The only "support" are unsworn statements of counsel and the exhibits themselves have no sworn statements by the defendant or the officers of defendant. The exhibits are simply papers with print.

<u>Penn waived any rights</u>

Counsel also doubles down on their statements claiming their unsupported, unsworn statements about Penn being misnamed have been made frequently. But that is irrelevant. Penn accepted service and appeared on defendants' Motion to Dismiss filed against the Amended Complaint (ECF No. 23). Penn also appeared on defendants' Opposition to Plaintiff's Motion for Leave to file the Second Amended Complaint (ECF No. 38).

According to Wright and Miller, Rule 12(b)(4) and 12(b)(5) control:

> Although the distinction between the Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist. In these cases, the form of process could be challenged under Rule 12(b)(4) on the theory that the

summons does not properly contain the names of the parties, or . . . [under 12(b)(5)] on the ground that the wrong party . . . has been served.

5B Wright, et. al., *Federal Practice and Procedure*, § 1353 (3d ed., Apr. 2019 update).

Rule 12(h) goes on to state there is waiver of any objections under Rules 12(b)(4) or 12(b)(5) if they are not brought at the appropriate time, which here is the defendant's Motion to Dismiss against the Amended Complaint or the defendant's Opposition to the Second Amended Complaint, ECF Nos. 23 and 38 respectively. Penn did not make their present objection in either paper and so it is waived.

Accordingly, plaintiff Jane Doe requests the Court deny Penn's Motion.


Dated August 7, 2020                    Respectfully Submitted

                                        s/ Julie Chovanes

                                        Julie Chovanes, Esq.
                                        Chovanes Law
                                        P.O. Box 4307
                                        Philadelphia PA 19118
                                        267-235-4570
                                        jchovanes@chovanes.com


  Counsel For Plaintiff Jane Doe